**FILED - GR**
March 23, 2011 3:45 PM
TRACEY CORDES, CLERK
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY __MKC__ /_____ SCANNED BY ____ /

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS W. GOLDEN,

Plaintiff,

v.

SHERMETA, ADAMS &
VON ALLMEN, P.C.,

Defendant.

_____/

**1:11-cv-293**
**Paul L. Maloney**
**U.S. District Judge**

### Complaint

I.     **Introduction**

1.     This is an action for damages brought against a debt collector for violating the

Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.,* Michigan Collection

Practices Act ("MCPA"), M.C.L. § 445.251 *et seq.,* and/or Michigan Occupational Code

("MOC"), M.C.L § 339.901 *et seq.*

II.    **Jurisdiction**

2.     This Court has jurisdiction under 15 U.S.C. § 1692k(d) (FDCPA), and 28 U.S.C.

§ 1331. This Court has supplemental jurisdiction regarding plaintiff's state law claims under 28

U.S.C. § 1367. Venue in this judicial district is proper because the pertinent events took place

here.

III.   **Parties**

3.     Plaintiff Thomas W. Golden is a natural person residing in Ionia County,

Michigan. Mr. Golden is a "consumer" and "person" as the terms are defined and/or used in the

1

FDCPA. Mr. Golden is a "consumer," "debtor" and "person" as the terms are defined and/or used in the MCPA and MOC.

4.      Defendant Shermeta, Adams & Von Allmen, P.C. ("Shermeta") is a Michigan professional corporation, doing business at 901 Tower Drive, Suite 400, Troy, Michigan 48098. The registered agent for Shermeta is Douglas H. Shermeta, 901 Tower Drive, Suite 400, Troy, Michigan 48098. Shermeta uses interstate commerce and the mails in a business the principal purpose of which is the collection of debts. Shermeta regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Shermeta is a "debt collector" as the term is defined and/or used in the FDCPA. Shermeta is a "regulated person" as the term is defined and/or used in the MCPA. Alternatively, Shermeta is a "collection agency" and a "licensee" as the terms are defined and/or used in the MOC.

**IV.    Facts**

5.      Mr. Golden had a credit account (No. **** **** **** 1845) with First USA which he used to purchase goods and/or services for personal, family and household purposes. Any resulting obligation to pay money was a "debt" as the term is defined and/or used in the FDCPA, MCPA and MOC.

6.      First USA later claimed that Mr. Golden failed to pay the alleged debt.

7.      Palisades Collection, LLC ("Palisades") is a company that specializes in purchasing delinquent consumer debt, typically paying less than ten cents on the dollar. Palisades is a debt collector as the term is defined and/or used in the FDCPA. Palisades hires other debt collectors, such as Shermeta, to collect the alleged debts purchased by Palisades.

8.      Palisades claimed to have purchased Mr. Golden's allegedly delinquent First USA

2

account and related, alleged debt.

9.      Apparently, Palisades hired Shermeta to collect the alleged debt from Mr. Golden.

10.     By letter dated August 20, 2010, Shermeta wrote Mr. Golden, stated that it represented Palisades, and requested payment of the alleged debt. Mr. Golden received the letter by mail. A copy of the letter is attached hereto as Exhibit A.

11.     The FDCPA states in pertinent part: "Within five days of the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing . . . . the name of the creditor to whom the debt is owed." 15 U.S.C. § 1692g(a)(2).

12.     Shermeta in its August 20, 2010 letter to Mr. Golden failed to clearly and unambiguously state the name of the creditor to whom the debt is owed as required by the FDCPA. Specifically, the letter lists as Shermeta's "Client," both PALISADES COLLECTION LLC and FIRST USA. The letter falsely listed FIRST USA as Shermeta's client. Shermeta's failure to state the name of the creditor to whom the debt is owed violated the FDCPA, 15 U.S.C. § 1692g(a)(2). Shermeta's false statement that Shermeta's client was FIRST USA violated the FDCPA, 15 U.S.C. § 1692e.

13.     By letter dated September 1, 2010, an attorney named B. Thomas Golden wrote and communicated to Shermeta that he represented Thomas W. Golden. The letter stated that Mr. Thomas was impecunious. The letter stated that Mr. Thomas was permanently disabled and continued to suffer from numerous, serious health issues. The letter expressly stated: " I demand that all written and/or verbal communication to Thomas W. Golden come through my

3

office. I can be reached at (616) 897-2900. Please direct all written correspondence to my Lowell Office, located at P.O. Box 9, Lowell, Michigan 49331." The letter warned that "any violations of the Fair Debt Collection Practice Act and/or its Michigan analogue will result in my client swiftly seeking any available legal remedies available with respect to any illegal conduct . . . ." The letter was faxed directly to Shermeta on September 1, 2010. Shermeta received the letter. A copy of the letter and a related facsimile transmission confirmation are attached hereto as Exhibit B.

14. By letter dated December 2, 2010, Shermeta wrote Attorney B. Thomas Golden. The letter acknowledged receipt of Attorney B. Thomas Golden's letter. Enclosed with the letter was an affidavit which purported to have been signed by a Palisades employee and which merely stated that according to the affiant's review of unspecified Palisades business records, Thomas W. Golden owed a debt to Palisades. A copy of the letter and the enclosed affidavit are attached hereto as Exhibit C.

15. The affidavit sent by Shermeta to Attorney B. Thomas Golden falsely represented or falsely implied that a lawsuit had been filed by Palisades and against Thomas W. Golden to collect the alleged debt, violating the FDCPA, 15 U.S.C. § 1692e.

16. By letter dated December 15, 2010, Shermeta wrote directly to Thomas W. Golden and requested payment of the alleged debt. Mr. Golden received the letter by mail. A copy of the letter is attached hereto as Exhibit D.

17. The FDCPA states in pertinent part: "[A] debt collector may not communicate with a consumer in connection with the collection of any debt . . . if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can

4

readily ascertain, such attorney's name and address . . . ." 15 U.S.C. § 1692c(a)(2).

18.     Shermeta continued to communicate directly with Thomas W. Golden after Shermeta knew that Mr. Golden was represented by an attorney with respect to such debt and had knowledge of, or could readily ascertain, such attorney's name and address, violating the FDCPA, 15 U.S.C. § 1692c(a)(2).

19.     Mr. Golden denies owing any money to Palisades.

20.     Mr. Golden refuses to pay any money to Palisades.

21.     The described acts and omissions of Shermeta and its employees done in connection with efforts to collect the alleged debt from Mr. Golden were done intentionally and wilfully.

22.     Shermeta and its employees wilfully violated the FDCPA, MCPA and MOC.

23.     As an actual and proximate result of the acts and omissions of defendant and its employees, plaintiff has suffered actual damages and injury, including but not limited to, fear, embarrassment, stress, mental anguish, emotional stress, and suffering for which he should be compensated in an amount to be established by jury and at trial.

**V.    Claims for Relief**

## Count 1– Fair Debt Collection Practices Act

24.     Plaintiff incorporates the foregoing paragraphs by reference.

25.     Defendant has violated the FDCPA. Defendant's violations of the FDCPA include, but are not necessarily limited to, the following:

a)      Defendant violated 15 U.S.C. § 1692c(a)(2).

b)      Defendant violated 15 U.S.C. § 1692d by engaging in conduct the natural

consequence of which was to harass, oppress and abuse plaintiff in connection with the collection of a debt;

c)    Defendant violated 15 U.S.C. § 1692e by using false, deceptive and misleading representations and means in connection with the collection or attempted collection of a debt;

d)    Defendant violated 15 U.S.C. § 1692f by using unfair and unconscionable means to collect or attempt to collect a debt; and

e)    Defendant violated 15 U.S.C. § 1692g.

**Wherefore,** plaintiff seeks judgment against defendant for:

a)    Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

b)    Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c)    Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3); and

d)    Such further relief as the court deems just and proper.

## Count 2– Michigan Collection Practices Act

26.    Plaintiff incorporates the foregoing paragraphs by reference.

27.    Defendant has violated the MCPA. Defendant's violations of the MCPA include, but are not necessarily limited to, the following:

a)    Defendant violated M.C.L. § 445.252(e) by making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt;

b)    Defendant violated M.C.L. § 445.252(f) by misrepresenting in a communication with a debtor the following: (i) the legal status of a legal action being taken or threatened; and (ii) the legal rights of a creditor or debtor;

6

c) Defendant violated M.C.L. § 445.252(h) by communicating with a debtor when the debtor is actively represented by an attorney and the attorney's name and address are known; and

d) Defendant violated M.C.L. § 445.252(q) by failing to implement a procedure designed to prevent a violation by an employee.

**Wherefore,** plaintiff seeks judgment against defendant for:

a) Actual damages pursuant to M.C.L. § 445.257(2);

b) Treble the actual damages pursuant to M.C.L. § 445.257(2);

c) Statutory damages pursuant to M.C.L. § 445.257(2); and

d) Reasonable attorney's fees and court costs pursuant to M.C.L. § 445.257(2).

## Count 3– Michigan Occupational Code

28. Plaintiff incorporates the foregoing paragraphs by reference.

29. Defendant has violated the MOC. Defendant's violations of the MOC

include, but are not necessarily limited to, the following:

a) Defendant violated M.C.L. § 339.915(e) by making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt;

b) Defendant violated M.C.L. § 339.915(f) by misrepresenting in a communication with a debtor the following: (i) the legal status of a legal action being taken or threatened; and (ii) the legal rights of a creditor or debtor;

c) Defendant violated M.C.L. § 339.915(h) by communicating with a debtor when the debtor is actively represented by an attorney and the attorney's name and address are known;

7

d)      Defendant violated M.C.L. § 339.915(q) by failing to implement a procedure designed to prevent a violation by an employee; and

e)      Defendant violated M.C.L. § 339.918.

**Wherefore,** plaintiff seeks judgment against defendant for:

a)      Actual damages pursuant to M.C.L. § 339.916(2);

b)      Treble the actual damages pursuant to M.C.L. § 339.916(2);

c)      Statutory damages pursuant to M.C.L. § 339.916(2); and

d)      Reasonable attorney's fees and court costs pursuant to M.C.L. § 339.916(2).

### Demand for Trial by Jury

Plaintiff demands trial by jury.

Dated: March 23, 2010

Phillip C. Rogers (P34356)
Attorney for Plaintiff
40 Pearl Street, N.W., Suite 336
Grand Rapids, Michigan 49503-3026
(616) 776-1176
ConsumerLawyer@aol.com